UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES OREYE, | ) | Case No.: 4:07 CV 1267 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | <u>ORDER</u> |

Pending before the court is Petitioner James Oreye's ("Petitioner" or "Oreye") Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a person in federal custody. (ECF No. 1.) For the reasons stated below, the Petition is denied.

**I. BACKGROUND**

On October 27, 1998, a federal grand jury in the Northern District of Illinois returned a superseding indictment charging Petitioner with violating Title 18, U.S.C. §§ 841, 846, 952 and 963 (N.D. Ill. Case No. 98 CR 434).

On June 7, 1999, a verdict was entered against Petitioner finding him guilty as to six counts of the superseding indictment. On July 14, 1999, Petitioner filed a motion for a new trial. On July 23, 1999, the trial court denied the motion for new trial. On September 27, 1999, the court sentenced Petitioner to 168 months imprisonment.

Petitioner filed a Notice of Appeal (7th Cir. Case No. 99-3577) on October 4, 1999. On

August 24, 2001, the Seventh Circuit Courts of Appeals affirmed the judgment of the trial court. On July 29, 2004, Petitioner field a Motion to Vacate his Sentence under Title 28, U.S.C. § 2255. (N.D. Ill. Case No. 04 C 4999). Petitioner argued that his sentence was in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004) because the court enhanced his sentence by seven levels without certain facts having been found by a jury.

On August 2, 2004, the court denied Petitioner's § 2255 motion as "time-barred." Thereafter, Petitioner filed a Motion for Reconsideration. The court denied Petitioner's Motion for Reconsideration on August 17, 2004, holding that *Blakely* was not retroactive to his case. Later, on September 28, 2004, the court also denied Petitioner's motion to proceed *in forma pauperis* and explained why no certificate of appealability should issue.

Petitioner then filed another Memorandum in Support of his earlier § 2255 Motion, this time citing *United States v. Booker*, 125 S. Ct. 738 (2005). On June 23, 2005, the court denied that motion, and explained that *Booker* was only retroactive to cases on direct appeal in the Seventh Circuit. The court also issued a Supplement to that Order stating that Petitioner's motion also failed because he failed to obtain a Certificate of Appealability to file a second or successive motion.

On July 5, 2005, Petitioner filed a Motion to Reconsider Pursuant to Rule 59(e) because he had filed a Petition for Certiorari in relation to the District Court's August 2, 2004 Order. The court denied this Motion. The Petition for Certiorari was denied on October 25, 2005.

Petitioner then filed a Motion for Relief under Rule 60(b), which the court found without merit and denied on June 20, 2006.

At some point, Petitioner was transferred to the Northeast Ohio Correctional Center. On April 30, 2007, he filed the instant Petition for Habeas under § 2241.

## II. LAW AND ANALYSIS

A § 2241 petition, which is typically used to challenge the execution or manner in which a sentence is served, may be filed in the court having jurisdiction over the prisoner's custodian. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). It is well established that "pursuant to the 'savings clause' in § 2255, a federal prisoner may bring a claim challenging his conviction or imposition of sentence under § 2241, if it appears that the remedy afforded under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). It is the Petitioner that "has the burden to prove that his remedy under § 2255 is inadequate or ineffective." *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002) (citing *Charles*, 180 F.3d at 756). The Sixth Circuit has made clear that "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

In the instant case, Petitioner has not met the high burden of establishing that the remedy available to him under § 2255 was inadequate or ineffective. A § 2255 motion is not inadequate or ineffective because it has been denied, procedurally barred, or barred as a second or successive petition. *Charles*, 180 F.3d at 756. Moreover, Petitioner's continued arguments that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely*, and *Booker* render his sentence unconstitutional are without merit. *Booker* and *Blakely* are unavailable because they do not apply retroactively to cases on collateral review pursuant to § 2255. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) cert. denied, 126 S. Ct. 1992 (2005).

Further, the "savings clause" may be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the substantive terms of the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003). Here, however, Oreye does not allege actual innocence.

### III. CONCLUSION

For the foregoing reasons, Oreye's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus is denied. (ECF No. 1.)

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 31, 2007