UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES OREYE, | ) | Case No.: 4:07 CV 1267 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Pending before the court is Petitioner James Oreye's ("Petitioner" or "Oreye") Motion for Reconsideration of this court's order denying his Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus. (ECF Nos. 9, 10.) For the reasons stated below, the court denies Petitioner's Motion for Reconsideration.

### I. BACKGROUND

#### A. Procedural History

As stated in this court's July 31, 2007, Order denying Petitioner's § 2241 Motion ("Order, ECF No. 6), a federal grand jury in the Northern District of Illinois returned a superseding indictment charging Petitioner with violating Title 18, U.S.C. §§ 841, 846, 952 and 963 (N.D. Ill. Case No. 98 CR 434). (Order at 1.)

On February 16, 1999, Petitioner's counsel filed a motion to withdraw, and new counsel made his appearance on March 3, 1999. (Gov't Response to Petr.'s Mot. at 1, ECF No. 5). On May

17, 1999, eight days prior to the commencement of trial, Petitioner's new counsel filed a motion to withdraw. (*Id.* at 2.) On that same date, the court filed an Order stating that Petitioner could either: (1) locate another attorney to represent him at trial; (2) proceed to trial *pro se*; or (3) continue to have present counsel represent him under the terms that had previously been outlined orally in open court. (*Id.* at 2.) The court warned that trial would begin in eight days. (*Id.*) Petitioner proceeded *pro se.* (Pet. at 11-14, ECF No. 1.)

On June 7, 1999, a verdict was entered against Petitioner finding him guilty as to six counts of the superseding indictment. (Order at 1.) On July 14, 1999, Petitioner filed a motion for a new trial. (*Id.*) On July 23, 1999, the trial court denied the motion for new trial. (*Id.*) On September 27, 1999, the court sentenced Petitioner to 168 months imprisonment. (*Id.*)

Petitioner filed a Notice of Appeal (7th Cir. Case No. 99-3577) on October 4, 1999. (*Id.*) On August 24, 2001, the Seventh Circuit Court of Appeals affirmed the judgment of the trial court. (*Id.* at 2.)

On July 29, 2004, Petitioner filed a Motion to Vacate his Sentence under Title 28, U.S.C. § 2255. (N.D. Ill. Case No. 04 C 4999) (*Id.*). Petitioner argued that his sentence was in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), because the court enhanced his sentence by seven levels without certain facts having been found by a jury. (*Id.*)

On August 2, 2004, the court denied Petitioner's § 2255 motion as "time-barred." (*Id.*) Thereafter, Petitioner filed a Motion for Reconsideration. (*Id.*) The court denied Petitioner's Motion for Reconsideration on August 17, 2004, holding that *Blakely* was not retroactive to his case. (*Id.*) Later, on September 28, 2004, the court also denied Petitioner's motion to proceed *in forma pauperis* and explained why no certificate of appealability should issue. (*Id.*)

Petitioner then filed another Memorandum in Support of his earlier § 2255 Motion, this time citing *United States v. Booker*, 125 S. Ct. 738 (2005). (*Id.*) On June 23, 2005, the court denied that motion, and explained that *Booker* was only retroactive to cases on direct appeal in the Seventh Circuit. (*Id.*) The court also issued a Supplement to that Order stating that Petitioner's motion also failed because he failed to obtain a Certificate of Appealability to file a second or successive motion. (*Id.*)

On July 5, 2005, Petitioner filed a Motion to Reconsider Pursuant to Federal Rule of Civil Procedure 59(e) because he had filed a Petition for Certiorari in relation to the District Court's August 2, 2004 Order. (*Id.*) The court denied this Motion. (*Id.*) The Petition for Certiorari was denied on October 25, 2005. (*Id.*)

Petitioner then filed a Motion for Relief under Rule 60(b), which the court found to be without merit and denied on June 20, 2006. (*Id.*)

### B. Order Denying Petitioner's § 2241 Petition

At some point, Petitioner was transferred to the Northeast Ohio Correctional Center. (*Id.*) On April 30, 2007, he filed a Petition for Habeas under § 2241. (*Id.*) The court denied Petitioner's § 2241 Motion in its Order on July 31, 2007. (*Id.* at 3-4.) In the Order, the court recognized that Petitioner was bringing a claim challenging his conviction or imposition of sentence under § 2241 pursuant to the "savings clause" in § 2255. (*Id.* at 3.) Citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999), the court stated that "[i]t is well established that "pursuant to the 'savings clause' in § 2255, a federal prisoner may bring a claim challenging his conviction or imposition of sentence under § 2241, if it appears that the remedy afforded under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" (*Id.*) The court explained that "a § 2255 motion

is not inadequate or ineffective because it has been denied, procedurally barred, or barred as a second or successive petition." (*Id.*) (citation omitted). With these principles in mind, the court found that Petitioner had not met the high burden of establishing that the remedy available to him under § 2255 was inadequate or ineffective. (*Id.*)

Moreover, the Order stated that Petitioner's continued arguments that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely*, and *Booker* render his sentence unconstitutional are without merit. Specifically, the court found that *Booker* and *Blakely* are unavailable because they do not apply retroactively to cases on collateral review pursuant to § 2255. (*Id.*) (citations omitted).

Finally, the court stated that the "savings clause" may be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the substantive terms of the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. (*Id.* at 4) (citation omitted). However, the court found that Petitioner did not allege actual innocence in his Petition. (*Id.*)

### C. Motion for Reconsideration

Petitioner filed a Motion for Reconsideration on August 28, 2007. In the Motion for Reconsideration, Petitioner stated that he had made the following arguments in his § 2241 Petition, and that these arguments were not addressed in the Order:

> (a) the district court committed structural error when it deprived him of his right to a counsel of his choice; (b) the district court advertently [sic] amended the indictment in violation of Petitioner's due process right; (c) Petitioner's sentence was enhanced in violation of his Sixth Amendment right to jury trial.

(Mot. for Reconsideration at 1-2.) Petitioner states that "the only issue that was addressed [in the Order] was the unconstitutional sentence as ruled in *Booker* and *Blakely*." (*Id.* at 2.)

## II. LAW AND ANALYSIS

### A. Right to Counsel of Petitioner's Choice

Petitioner incorrectly cites *United States v. Gonzalez-Lopez,* 126 Sup. Ct. 2557 (2006), for the proposition that Petitioner is entitled to habeas relief because he was allegedly denied his choice of trial counsel. (Pet. at 5-16.) In *Gonzalez-Lopez,* the trial court prevented the defendant's privately-retained counsel from representing the defendant by erroneously denying the counsel's petition for *pro hac vice* admission. *Id.* at 416. The defendant appealed his subsequent conviction to the Eighth Circuit. *Id.* at 2560. The Eighth Circuit vacated the defendant's conviction, holding that the denial of the defendant's right to counsel was reversible error, and that his Sixth Amendment violation was not subject to harmless error review. The Supreme Court affirmed. *Id.*

However, *Gonzalez-Lopez* does not entitle Petitioner to "a second bite of the [post-conviction] apple" under the "savings clause" of § 2255 because it is not an intervening change in the law that establishes Petitioner's actual innocence. *See Charles v. Chandler,* 180 F.3d 753, 757 (6th Cir. 1999). As the "savings clause" makes clear:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u>

28 U.S.C. 2255(e) (emphasis added). Significantly, a § 2255 motion is not inadequate or ineffective because it has been denied, procedurally barred, or barred as a second or successive petition. *Charles,* 180 F.3d at 756. Here, Petitioner fails to show that the remedy available to him under § 2255 was inadequate or ineffective. Accordingly, Petitioner's argument that he is entitled to habeas relief on this ground lacks merit.

### B. Amendment of the Indictment

In his Petition, Petitioner fails to show that the remedy available to him under § 2255 was inadequate or ineffective regarding the issue he raised regarding amendment of the indictment. Moreover, Petitioner does not show any intervening change in the law that establishes Petitioner's actual innocence. Accordingly, Petitioner's argument that he is entitled to habeas relief on this ground lacks merit.

### C. Sentence Enhancement

In his Petition, Petitioner fails to show that the remedy available to him under § 2255 was inadequate or ineffective to address his sentence enhancement argument. Moreover, Petitioner does not show any intervening change in the law that establishes Petitioner's actual innocence. Accordingly, Petitioner's argument that he is entitled to habeas relief on this ground lacks merit.

### III. CONCLUSION

For the foregoing reasons, the court denies Petitioner's Motion for Reconsideration of Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF Nos. 9,10.)

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 20, 2008